IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TATIANA HIRSU ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 6:18-CV-1343 |
| v. ) | |
| ) | |
| SOCIAL NETWORKING ) | |
| TECHNOLOGY, INC., ) | |
| STUART BRUCK, ) | |
| DAVID M. MCNAMEE, ) | |
| KEVIN OWENS, ) | |
| MASSIMO MESSINA, CARLOS ) | |
| AMEZCUA, and SHARON AMEZCUA ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

COMES NOW the Plaintiff, by and through the undersigned counsel, and for its cause of action against Defendants, alleges and states as follows:

### PARTIES

1. Plaintiff is an individual residing in the State of New York.

2. Defendant Social Networking Technology, Inc. ("SNT") is a Nevada corporation, having its principal place of business in the State of Kansas. To Plaintiff's best knowledge, Defendant SNT may be served with process by service upon its registered agent, Becky Herington, at 110 S. Main, Suite 1020, Wichita, KS 67202.

3. Defendant Stuart Bruck is an individual residing in the State of Kansas.

4. Defendant David M. McNamee is an individual residing in the State of Florida.

5. Defendant Kevin Owens is an individual residing in the States of Kansas.

6. Defendant Massimo Messina is an individual residing in the State of Kansas.

7. Defendant Carlos Amezcua is an individual residing in the State of Florida.

8. Defendant Sharon Amezcua is an individual residing in the State of Florida.

9. Defendants Carlos and Sharon Amezcua are husband and wife and are hereinafter referred to as "Defendants Amezcua."

## JURISDICTION AND VENUE

10. Jurisdiction in this Court is proper in accordance with 28 U.S.C. § 1332.

11. The amount in controversy exceeds $75,000.00.

12. This Court has jurisdiction over Defendants Bruck, McNamee, Owens, Messina, and Amezcua pursuant to K.S.A. § 60-308(b).

13. Venue lies in this District pursuant to 28 U.S.C. § 1391.

## ALLEGATIONS COMMON TO ALL COUNTS

14. At all times material hereto, Defendants engaged in an unlawful scheme to raise capital for SNT.

15. In or about December 2016, Defendants Amezcua, as an agent of SNT, solicited Plaintiff to make an investment in SNT by purchasing shares of SNT's common stock.

16. In or about December 2016, Defendants Amezcua met with Plaintiff in New York City and personally requested that Plaintiff invest in SNT.

17. During the course of Defendants Amezcua's solicitation, they represented to Plaintiff that:

   a. SNT created news stories using propriety artificial intelligence technology that provided SNT an advantage against competitors, and that this technology allowed them to produce a substantial amount of news story pages in real time;

   b. SNT had sufficient capital and cash flow from generating advertising revenue with publishers to continue to operate its business, and was securing additional investment solely for growth;

      c. Defendants Amezcua had personally invested in SNT;

      d. The stock price of SNT would rise and, as a result, Plaintiff had to act quickly; and

      e. Plaintiff was guaranteed a return on her investment.

18. Defendants Amezcua invited Plaintiff to attend a formal presentation concerning investment prospects in SNT, which Plaintiff did in fact attend in December 2016. Upon information and belief, the individual Defendants, or some of them, personally attended this meeting and solicited investments into SNT by making the same representations that Amezcua had made privately to Plaintiff.

19. Plaintiff relied on the representations of Defendants in making her decision to invest in SNT.

20. Defendants' representations were material to Plaintiff's decision to invest in SNT.

21. On December 23, 2016, Plaintiff wired $400,000.00 to SNT. Copies of Plaintiff's wire confirmations are attached hereto as Exhibit A.

22. After receiving Plaintiff's funds, SNT provided Plaintiff with a stock certificate.

23. After purchasing SNT stock, Plaintiff discovered that:

      a. Defendants Amezcua had not personally invested in SNT;

      b. SNT did not have sufficient cash flow from generating advertising revenue with publishers to operate its business; and

      c. SNT did not have artificial intelligence technology that provided SNT an advantage against competitors.

24. Defendants also failed to disclose that SNT was paying Defendants Amezcua, an unregistered broker, transaction-based fees for soliciting investors, including the investment made by Plaintiff.

25. If Plaintiff had known of the above-described misrepresentations and omissions, she would not have invested in SNT.

## COUNT I
## RESCISSION PURSUANT TO 15 U.S.C. § *77l*

26. Plaintiff incorporates the allegations set forth in paragraphs 1–25 as if fully set forth herein.

27. This is an action for rescission pursuant to 15 U.S.C. § *77l*(a)(2).

28. Defendants either knew of the misrepresentations or omissions or in the exercise of reasonable care could have known of such misrepresentations or omissions made to Plaintiff.

29. Defendants made such misrepresentations or omissions to induce Plaintiff to invest in SNT.

30. Plaintiff justifiably relied to her detriment on such misrepresentations and omissions and has been damaged as a result thereof.

WHEREFORE, for the claim described in Count I above, Plaintiff prays for a money judgment against Defendants in the amount of $400,000.00, plus interest thereon, costs, and for such other and further relief as the Court deems just and equitable.

## COUNT II
## RESCISSION PURSUANT TO 15 U.S.C. § 77o

31. Plaintiff incorporates the allegations set forth in paragraphs 1–30 as if fully set forth herein.

32. This is an action for rescission pursuant to 15 U.S.C. § 77o.

33. As set forth in Count I above, SNT is the primary violator of 15 U.S.C. § *77l*.

34. At the time of such violation by SNT, Defendants Bruck, McNamee, Owens, Messina, and Amezcua were in possession, directly or indirectly, of the power to direct or the cause the direction of SNT, whether through stock ownership, agency, or otherwise, and thereby, are jointly and severally liable with SNT for violations of 15 U.S.C. § *77l*.

35. Defendants Bruck, McNamee, Owens, Messina, and Amezcua either had knowledge of or reasonable grounds to believe in the existence of fact by reason of which the liability of SNT exists.

36. Plaintiff has been damaged as a result of the actions of Defendants SNT, Bruck, McNamee, Owens, Messina, and Amezcua.

WHEREFORE, for the claim described in Count II above, Plaintiff prays for a money judgment against Defendants Bruck, McNamee, Owens, Messina, and Amezcua in the amount of $400,000.00, plus interest thereon, costs, and for such other and further relief as the Court deems just and equitable.

## COUNT III
## SALE OF SECURITIES IN VIOLATION OF K.S.A. § 17-12a509

37. Plaintiff incorporates the allegations set forth in paragraphs 1–36 as if fully set forth herein.

38. This is an action for rescission for the sale securities in violation of K.S.A. § 17-12a509(b).

39. SNT sold securities to Plaintiff by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make a statement made, in light of the circumstances under which it is made, not misleading in violation on of K.S.A. § 17-12a509(b).

40. Defendants either knew of the misrepresentations or omissions or in the exercise of reasonable care could have known of such misrepresentations or omissions made to Plaintiff.

41. Defendants made such misrepresentations or omissions to induce Plaintiff to invest in SNT.

42. Defendants Bruck, McNamee, Owens, Messina, and Amezcua directly or indirectly controlled SNT and are jointly and severally liable for SNT's violations of K.S.A. §17-12a509(b) pursuant to K.S.A. § 17-12a509(g).

43. Plaintiff is entitled to recover the $400,000.00 she paid for the securities, and interest from the date of the purchase at the rate provided by K.S.A. § 16-204, and amendments thereto, costs, and reasonable attorneys' fees determined by the Court.

WHEREFORE, for the claim described in Count III above, Plaintiff prays for a money judgment against Defendants SNT, Bruck, McNamee, Owens, Messina, and Amezcua in the amount of $400,000.00, plus interest thereon, costs, reasonable attorneys' fees, and for such other and further relief as the Court deems just and equitable.

## COUNT IV
## NEGLIGENT MISREPRESENTATION

44. Plaintiff incorporates the allegations set forth in paragraphs 1–43 as if fully set forth herein.

45. SNT sold securities to Plaintiff by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make a statement made, in light of the circumstances under which it is made, not misleading.

46. Defendants either knew of the misrepresentations or omissions or in the exercise of reasonable care could have known of such misrepresentations or omissions made to Plaintiff.

47. Defendants made such misrepresentations or omissions to induce Plaintiff to invest in SNT.

48. Plaintiff justifiably relied to her detriment on such misrepresentations and omissions and has been damaged as a result thereof.

WHEREFORE, for the claim described in Count IV above, Plaintiff prays for a money judgment against Defendants in the amount of $400,000.00, plus interest thereon, costs and for such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on the allegations contained in this Complaint.

Respectfully submitted,

ADAMS JONES LAW FIRM, P.A.

By */s/ Michael R. Andrusak*
   Michael R. Andrusak, #25924
   Cody Branham, #27183
   1635 N Waterfront Parkway, Suite 200
   Wichita, KS 67206-6623
   Phone: (316) 265-8591
   Fax: (316) 265-9719
   mandrusak@adamsjones.com
   cbranham@adamsjones.com
   *Attorneys for Plaintiff*

ERON LAW, P.A.

By */s/ David Prelle Eron*
   David P. Eron, #23429
   229 E William, Suite 100
   Wichita, KS 67202
   Phone: (316) 262-5500
   Fax: (316) 262-5559
   david@eronlaw.net
   *Attorneys for Plaintiff*