IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TATIANA HIRSU ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 6:18-cv-01343 |
| v. ) | |
| ) | |
| SOCIAL NETWORKING ) | |
| TECHNOLOGY, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO
### DEFENDANT CARLOS AMEZCUA'S MOTION TO DISMISS

COMES NOW Plaintiff Tatiana Hirsu ("Tatiana"), by and through the undersigned counsel, and respectfully submits her Response in Opposition to Defendant Carlos Amezcua's Motion to Dismiss.

## I. INTRODUCTION

This matter involves individuals deceiving Plaintiff to invest substantial amounts of money in Defendant Social Networking Technology, Inc. ("SNT"). Tatiana is attempting to recover the amounts she was conned into investing into SNT. Defendant Carlos Amezcua ("Defendant Carlos") who, along with his wife Defendant Sharon Amezcua ("Defendant Sharon"), solicited Tatiana to make an investment in SNT and Defendant is now attempting to avoid an adjudication on the merits and potential liability to Tatiana by seeking a dismissal of Tatiana's claims against him pursuant to Fed. R. Civ. P. 12(b)(2) and (5). For the reasons set forth below, Defendant Carlos' Motion to Dismiss should be denied.

## II. ARGUMENT AND AUTHORITIES

### A. Motion to Dismiss Standards

1. <u>Motion to Dismiss Under Rule 12(b)(2)</u>

This Court has detailed the standard of review for a motion to dismiss for lack of personal jurisdiction:

"Plaintiff has the burden of establishing personal jurisdiction over Defendants. In the absence of an evidentiary hearing…the plaintiff must make only a prima facie showing of jurisdiction to defeat a motion to dismiss. 'The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant.' Allegations in a complaint are accepted as true if they are plausible, non-conclusory, and non-speculative, to the extent that they are not controverted by submitted affidavits. At the same time, the Court does not have to accept as true conclusory allegations, nor incompetent evidence. When a defendant has produced evidence to support a challenge to personal jurisdiction, a plaintiff has a duty to come forward with competent proof in support of the jurisdictional allegations of the complaint. The court resolves all factual disputes in favor of the plaintiff. Conflicting affidavits are also resolved in the plaintiff's favor, and 'the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.' 'In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating that the presence of some other considerations would render jurisdiction unreasonable.'" *D-J Eng'g, Inc. v. 818 Aviation, Inc.*, No. 14-1033-JAR-JPO, 2014 WL 4163870, at *1 (D. Kan. Aug. 21, 2014) (internal citations omitted).

2. Motion to Dismiss Under Rule 12(b)(5)

Upon a pretrial motion to dismiss under Rule 12(b)(5), the plaintiff must make a prima facie case showing that service satisfied the statutory requirements and the constitutional requirement of due process. *Brand v. Mazda Motor of Am., Inc.*, 920 F. Supp. 1169, 1171 (D. Kan. 1996) (citing *Oltremari by McDaniel v. Kansas Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349–51 (D. Kan. 1994); *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir.1990), *cert. denied*, 498 U.S. 1068, 111 S.Ct. 786, 112 L.Ed.2d 849 (1991)). "When opposing a motion to dismiss supported by affidavits and other written materials, the plaintiff need only make a prima facie showing and may rely on the 'well pled facts' of the complaint if uncontroverted by the movant's affidavits." *Id.* (citing *Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992)).

**B.      Personal Jurisdiction over Defendant Carlos**

1. Standard to Establish Personal Jurisdiction over Nonresident Defendant

Where federal jurisdiction is based on diversity of citizenship, the court's jurisdiction over a nonresident defendant is determined by the law of the forum state. *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (citing Fed. R. Civ. P. 4). The party seeking to establish personal jurisdiction over a nonresident defendant must make two showings: (1) that the exercise of jurisdiction is sanctioned by the state's long-arm statute; and (2) that it comports with the due process requirements of the Fourteenth Amendment. *Id.* (citing *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010)).

Kansas' long-arm statute, K.S.A. § 60-308(b), is liberally construed so as to allow jurisdiction to the full extent permitted by due process principles. *Id.* (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998)). Consequently, this court

"need not conduct a statutory analysis apart from the due process analysis." *Id.* (quoting *Employers Mut. Cas. Co.*, 618 F.3d at 1159).

The due process analysis is also two-fold: (1) the defendant must have "minimum contacts" with the forum state, demonstrating that he purposefully availed himself of the protections or benefits of the state's laws and should reasonably anticipate being hauled into court there; (2) the exercise of jurisdiction over him does not offend traditional notions of fair play and substantial justice. *Id.* at 1166–67 (internal citations omitted). With respect to "minimum contacts," the court must examine the parties' communications, negotiations, contemplated future consequences, and the parties' actual course of dealing. *Id.* (quoting *TH Agric. & Nutrition, LLC v. Ace Eur. Grp. Ltd.*, 488 F.3d 1282, 1288 (10th Cir. 2007)). The "minimum contacts" standard may be met in two ways: specific jurisdiction or general jurisdiction. *OMI Holdings, Inc.*, 149 F.3d at 1091 (internal citations omitted).

"The purpose of the "minimum contacts" test is to protect a defendant from the travail of defending in a distant forum, unless the defendant's contacts with the forum make it just to force him to defend there. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 807, 105 S. Ct. 2965, 2972, 86 L. Ed. 2d 628 (1985). Even a single purposeful contact may be sufficient to meet the minimum contacts standard when the underlying proceeding is directly related to that contact. *Application to Enforce Admin. Subpoenas Duces Tecum of S.E.C. v. Knowles*, 87 F.3d 413, 419 (10th Cir. 1996) (citing *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957)); *see also Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (stating even a single act by the defendant directed at the forum state can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted).

Courts generally exercise specific jurisdiction over nonresident defendants that are engaged in commercial, profit-oriented enterprise. *See generally Calder v. Jones*, 465 U.S. 783, 790, 104 S. Ct. 1482, 1487, 79 L. Ed. 2d 804 (1984); *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 485 (5th Cir. 2008). The critical factor in analyzing the nature and quality of defendant's contacts with a forum state is a determination of whether contacts of defendant constituted "voluntary, affirmative, economic activity of substance." *Lucachick v. NDS Americas, Inc.*, 169 F. Supp. 2d 1103, 1108 (D. Minn. 2001).

In *Calder*, a California resident brought a libel suit in California against a reporter and editor of the National Enquirer, who both lived and worked in Florida. *Calder*, 465 U.S. at 785–86. The libel claims were based on an article written and edited by the defendants in Florida for national publication, although California had the largest circulation. *Id.* The United States Supreme Court determined California's assertion of personal jurisdiction over the defendants was consistent with due process, despite that fact that both defendants had minimal physical contacts with California. Id. at 789–90. The Court noted defendants relied on phone calls to California sources for information about the article, they wrote the story about the plaintiff's activities in California, and the brunt of the injury suffered by plaintiff was in California. *Id.* "The fact that the actions causing the effects in California were performed outside the State did not prevent the State from asserting jurisdiction over a cause of action arising out of those effects." *Id.*

2.  This Court May Assert Specific Jurisdiction

A court may assert specific jurisdiction over a nonresident defendant if the plaintiff shows that the defendant has purposefully availed himself of the privilege of conducting activities or consummating a transaction in the forum state, and the litigation results from alleged

5

injuries that arise out of or relate to those activities. *Employers Mut. Cas. Co.*, 618 F.3d at 1160 (internal citations omitted). Purposeful availment requires actions by the defendant which create a substantial connection with the forum state. *OMI Holdings, Inc.*, 149 F.3d at 1092 (quoting *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 109, 107 S. Ct. 1026, 1030, 94 L. Ed. 2d 92 (1987)). The court must examine the quantity and quality of Defendant's contacts with Kansas to determine whether this Court's assertion of personal jurisdiction over Defendant comports with due process. *Id.*

Here, Defendant Carlos' contacts with Kansas arise from his relationship with SNT, a company headquartered in Kansas, and soliciting Tatiana to invest in SNT. As part of Defendant Carlos' solicitation, he and Defendant Sharon represented they had personally invested millions of dollars in SNT and expressed their enthusiasm about their investment. They represented that Defendant Sharon was a board member of SNT, Tatiana was guaranteed a return on her investment, and the stock price of SNT would rise, so Tatiana had to act quickly. Defendant Carlos and Defendant Sharon were together each and every time they encouraged Tatiana to invest in SNT, and both assured Tatiana that investing in SNT was a "sure thing." Defendant Carlos and Defendant Sharon discussed the investment with Tatiana's financial advisor and were present with Tatiana when she wired $400,000 to SNT.

Based in part on the persuasiveness of Defendant Carlos and Defendant Sharon, and relying on their representations, Tatiana invested $400,000.00 in SNT. To Tatiana's knowledge and belief, Defendant Carlos received a transaction-based fee for soliciting Tatiana's investment. By entering into this relationship with SNT and benefitting therefrom, Defendant Carlos availed himself to Kansas and should have anticipated that he might be hauled into court there in the event of a dispute.

In addition, Defendant Carlos does not deny Tatiana's allegation that he and Defendant Sharon received a transaction-based fee for their solicitation of Tatiana. Defendant Carlos' contacts with Kansas are surely not the type of "random fortuitous, or attenuated" contacts which are insufficient to confer personal jurisdiction. *See Walden v. Fiore*, 571 U.S. 277, 286, 134 S. Ct. 1115, 1123, 188 L. Ed. 2d 12 (2014).

Furthermore, there is no question that a nexus exists between Defendant Carlos' Kansas-related activities and Tatiana's cause of action. Tatiana's cause of action relies on Defendant Carlos' solicitation of Tatiana to invest in SNT.

3. No Offense to Traditional Notions of Fair Play and Substantial Justice

If a defendant is found to have the requisite minimum contacts with Kansas, then the court proceeds to the second step in the due process analysis: ensuring that the exercise of jurisdiction over him "does not offend traditional notions of fair play and substantial justice.'" *Marcus Food Co.*, 671 F.3d at 1167 (10th Cir. 2011) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). The defendant bears the burden at this stage to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* (citing *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1080 (10th Cir. 2008)). Here, Defendant Carlos has failed to present any evidence that the exercise of jurisdiction by this Court offends traditional notions of fair play and substantial justice.

4. Alternatively, this Court May Permit Jurisdictional Discovery

"When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (quoting *Budde v. Ling–Temco Vought, Inc.*, 511

F.2d 1033, 1035 (10th Cir. 1975)). Although a district court has broad discretion over the manner in which it resolves a jurisdictional matter under Rule 12(b), a refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to the litigant. *Id.* (citing *First City, Texas–Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176–77 (2d Cir. 1998); *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990); *Majd–Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984); *Canavan v. Beneficial Fin. Corp.*, 553 F.2d 860, 865 (3d Cir. 1977)). Prejudice is present where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary. *Id.* (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977)).

Here, if the facts set forth in the Complaint and this Response, even when construed in Tatiana's favor, are insufficient to demonstrate that this Court may assert personal jurisdiction over Defendant Carlos, this Court should allow Tatiana to conduct jurisdictional discovery. Tatiana would be prejudiced in denial of discovery because it is possible that discovery would either confirm this Court's assertion of specific jurisdiction, or permit Tatiana to establish that this Court may assert general jurisdiction over Defendant.

**C.    Service Upon Defendant Carlos Satisfies Rule 4**

Pursuant to Rule 4(e), an individual may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of

each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e).

In cases where actual notice of suit has been received by defendant, Rule 4 should be liberally construed to effectuate service. *Fox v. California Franchise Tax Bd.*, 443 F. App'x 354, 364 (10th Cir. 2011) (citing *Summers v. McClanahan*, 140 Cal. App. 4th 403, 410, 44 Cal. Rptr. 3d 338, 343–44 (2006)); *see also Blackhawk Heating & Plumbing Co. v. Turner*, 50 F.R.D. 144, 145 (D. Ariz. 1970) (citing *Nowell v. Nowell*, 384 F.2d 951, 953 (5th Cir. 1967), *cert. denied*, 390 U.S. 956, 88 S.Ct. 1053, 19 L.Ed.2d 1150 (1968); *Rovinski v. Rowe*, 131 F.2d 687, 689 (6th Cir. 1942); *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Hysell v. Murray*, 28 F.R.D. 584, 587 (S.D. Iowa 1961); *Frasca v. Eubank*, 24 F.R.D. 268, 270 (E.D. Pa. 1959); *Blane v. Young*, 10 F.R.D. 109, 110 (N.D. Ohio 1950); *Zuckerman v. McCulley*, 7 F.R.D. 739, 740 (E.D. Mo. 1947), *aff'd*, 78 F. Supp. 380 (E.D. Mo. 1948), aff'd, 170 F.2d 1015 (8th Cir. 1948); *Skidmore v. Green*, 33 F. Supp. 529, 529–30 (S.D.N.Y. 1940)).

The California Code of Civil Procedure specifies various methods by which service may be made upon defendants who are sued as individuals. *Am. Express Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 389, 131 Cal. Rptr. 3d 99, 102 (2011). "Personal service" means service accomplished "by personal delivery of a copy of the summons and of the complaint to the person to be served. *Id.* (quoting Cal. Civ. Proc. Code § 415.10). An alternative method of service for serving individual defendants is commonly known as "substitute service." *Id.* Substitute service is accomplished by "leaving a copy of the summons and complaint at the person's . . . usual place of business." *Id.* (quoting Cal. Civ. Proc. Code § 415.20(b)).

An individual may be served by substitute service only after a good faith effort at personal service has first been made: the burden is on the plaintiff to show that the summons and

9

complaint "cannot with reasonable diligence be personally delivered" to the individual defendant. *Id.* (citing Cal. Civ. Proc. Code § 415.20(b); *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801, 152 Cal. Rptr. 836, 839 (Ct. App. 1979)). "No single formula nor mode of search can be said to constitute due diligence in every case." *Evartt*, 89 Cal. App. 3d at 801 (quoting *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333, 150 Cal. Rptr. 855, 858 (Ct. App. 1978)).

In *Am. Express Centurion Bank*, the defendant moved to quash service of summons and the complaint on the ground that he was not served. *Am. Express Centurion Bank*, 199 Cal. App. 4th at 386. The trial court denied the motion after reasoning that defendant had actual notice. *Id.* It then granted defendant 10 days leave to file an answer. *Id.* Defendant elected not to answer, and the trial court entered a default. *Id.* On appeal, the defendant argued the trial court erred in denying his motion to quash. *Id.* The California Appellate Court agreed with defendant, finding the process server did not comply with the rules governing service and provided a proof of service that was untruthful. *Id.* at 390. However, the court went on to analyze whether actual notice to defendant was sufficient because plaintiff substantially complied with the statutory requirements. *Id.*

Assuming substantial compliance can sustain a default judgment over a defendant's objection that service of process did not comply with statutory requirements, "a finding of substantial compliance can only be sustained where (1) the record shows partial or colorable compliance with the requirement on which the objection is predicated; (2) the service relied upon by the plaintiff imparted actual notice to the defendant that the suit was pending and that he was bound to defend; and (3) the manner and objective circumstances of service were such as to make it highly likely that it would impart such notice." *Id.* at 391 (quoting *Carol Gilbert, Inc. v. Haller*, 179 Cal. App. 4th 852, 855, 101 Cal. Rptr. 3d 843, 844 (2009)).

Furthermore, a distinction should be drawn between the sufficiency of service to support a default judgment, and the sufficiency of service for other purposes, such as avoiding dismissal. *Id.* (quoting *Carol Gilbert, Inc.*, 179 Cal. App. 4th at 861). The rule of liberal construction of service rules is designated to "uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits." *Id.* (quoting *Carol Gilbert, Inc.*, 179 Cal. App. 4th at 861). When there are service defects asserted in derogation of a default judgment, although both parties are at fault, the plaintiff should bear the burden of the difficulty thus created. *Id.* (quoting *Carol Gilbert, Inc.*, 179 Cal. App. 4th at 865). However, when the defendant comes into court acknowledging that he has been sued, but seeking to dismiss the action on the ground of service, though practically effective, but technically defective, now it is the defendant who seeks to prevent an adjudication on the merits. *Id.* (quoting *Carol Gilbert, Inc.*, 179 Cal. App. 4th at 865).

Here, the Tatiana conducted extensive due diligence to ascertain Defendant Carlos' dwelling or usual place of abode. The only address discovered by Tatiana was Defendant Carlos' place of work, located at 4575 Viewridge Ave., San Diego, California 92123. Accordingly, Tatiana commenced with service pursuant to Rule 4(e) and Cal. Civ. Proc. Code § 415.20(b). Clearly, Tatiana completed partial or colorable compliance with the requirement that Defendant Carlos be served in accordance with Rule 4 or the state where service is made. Furthermore, not only did this service impart <u>actual notice</u> to Defendant Carlos of this suit, but the manner and objective of service in these circumstances made it highly likely it would impart such actual notice. Furthermore, as stated in Defendant Carlos' Motion to Dismiss, he was on actual notice by virtue of correspondence between counsel for Tatiana and counsel for Defendant Carlos.

Defendant Carlos has actual notice and is attempting to avoid adjudicating the suit on the merits because of alleged technical defects on the method of service. Guided by the opinion in *Am. Express Centurion Bank*, service was proper here.

**D.       Alternatively, if Service Did Not Satisfy Rule 4, Dismissal is Improper**

Rule 12(b)(5) motions to dismiss differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court alternative courses of action, quashing the process without dismissing the action, or simply dismissing the complaint when the defendant's defense or objection is sustained. *Martinez v. CitiMortgage, Inc.*, 347 F. Supp. 3d 677, 686 (D.N.M. 2018) (quoting 5B C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 346 (3d ed. 2004)); *see also Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976) (stating dismissal is not invariably required where service is ineffective: under such circumstances, the court has discretion to either dismiss the action, or quash service but retain the case.)

Generally, when the court finds that service is insufficient but curable, it should quash service and give plaintiff an opportunity to re-serve defendant. *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269–70 (D. Kan. 2008) (citing *Gregory v. U.S./U.S. Bankr. Court for Dist. of Colorado*, 942 F.2d 1498, 1500 (10th Cir. 1991), *cert. denied*, 504 U.S. 941, 112 S.Ct. 2276, 119 L.Ed.2d 202 (1992); *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n. 2 (10th Cir.1983)). Dismissal for failure to comply with Rule 4 is inappropriate unless a party's rights would be seriously prejudiced or no reasonably conceivable means of acquiring jurisdiction over the defendant remains. *Miree v. United States*, 490 F. Supp. 768, 776 (N.D. Ga. 1980) (citing *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959); 2 Moore's Federal Practice P 4.44, at 4-555 (1979)).

Here, clearly the proper remedy to afford Defendant, in the even service was insufficient, is to quash the service and provide Tatiana an opportunity to re-serve Defendant.

## III. CONCLUSION

Defendant Carlos is attempting to avoid adjudication on the merits and potential liability to Tatiana by seeking a dismissal of Tatiana's claims against him pursuant to Fed. R. Civ. P. 12(b)(2) and (5). With respect to personal jurisdiction, Defendant Carlos surely has the requisite minimum contacts with Kansas and should have anticipated that he might be hauled into court here in the event of a dispute. Defendant Carlos has failed to present any evidence that the exercise of jurisdiction by this Court offends traditional notions of fair play and substantial justice. Alternatively, if the facts set forth in the Complaint and this Response are insufficient to demonstrate whether this Court may assert personal jurisdiction over Defendant Carlos, this Court should allow Tatiana to conduct jurisdictional discovery.

With respect to service, Tatiana has attempted in good faith to serve Defendant Carlos in accordance with Rule 4. Defendant Carlos has actual notice of this suit, thus Rule 4 should be liberally construed to effectuate service. If Tatiana has failed to comply with Rule 4, even under a liberal construction, the proper remedy is to quash the service and provide Tatiana an opportunity to re-serve Defendant Carlos. For the reasons set forth above, Defendant Carlos' Motion to Dismiss should be denied.

Respectfully submitted,

ADAMS JONES LAW FIRM, P.A.

By */s/ Michael R. Andrusak*
   Michael R. Andrusak, #25924
   Cody Branham, #27183
   1635 N Waterfront Parkway, Suite 200
   Wichita, KS 67206-6623
   Phone: (316) 265-8591
   Fax: (316) 265-9719
   mandrusak@adamsjones.com
   cbranham@adamsjones.com
   *Attorneys for Plaintiff*

ERON LAW, P.A.

By */s/  David Prelle Eron*
David P. Eron, #23429
229 E William, Suite 100
Wichita, KS 67202
Phone: (316) 262-5500
Fax: (316) 262-5559
david@eronlaw.net
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all parties.

By */s/ Michael R. Andrusak*
Michael R. Andrusak, #25924