**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

TATIANA HIRSU          )
          )
        Plaintiff,     )
          )   Case No. 6:18-cv-01343
v.               )
          )
SOCIAL NETWORKING     )
TECHNOLOGY, INC., et al.,     )
          )
        Defendants.   )
          )

**RESPONSE IN OPPOSITION OF DEFENDANT SHARON AMEZCUA'S**
**MOTION TO DISMISS**

COMES NOW Plaintiff Tatiana Hirsu ("Tatiana"), by and through the undersigned counsel, and respectfully submits her Response in Opposition to Defendant Sharon Amezcua's Motion to Dismiss.

## I.    INTRODUCTION

This matter involves individuals deceiving Plaintiff to invest substantial amounts of money in Defendant Social Networking Technology, Inc. ("SNT"). Tatiana is attempting to recover the amounts she was conned into investing into SNT. Defendant Sharon Amezcua ("Defendant Sharon") who, along with her husband Defendant Carlos Amezcua ("Defendant Carlos"), solicited Tatiana to make an investment in SNT and Defendant Sharon is now attempting to avoid an adjudication on the merits and potential liability to Tatiana by seeking a dismissal of Tatiana's claims against him pursuant to Fed. R. Civ. P. 12(b) (5). For the reasons set forth below, Defendant Sharon's Motion to Dismiss should be denied.

## II.  ARGUMENT AND AUTHORITIES

### A.  Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(5) challenges the mode or lack of delivery of a summons and complaint. *Oltremari by McDaniel v. Kansas Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994) (internal citations omitted). Upon a pretrial motion to dismiss under Rule 12(b)(5), the plaintiff must make a prima facie showing that service satisfied the statutory requirements and the constitutional requirement of due process. *Brand v. Mazda Motor of Am., Inc.*, 920 F. Supp. 1169, 1171 (D. Kan. 1996) (citing *Oltremari by McDaniel*, 871 F. Supp. at 1349–51; *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir.1990), *cert. denied*, 498 U.S. 1068, 111 S.Ct. 786, 112 L.Ed.2d 849 (1991)). "When opposing a motion to dismiss supported by affidavits and other written materials, the plaintiff need only make a prima facie showing and may rely on the 'well pled facts' of the complaint if uncontroverted by the movant's affidavits." *Id.* (citing *Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992)).

### B.  Service of Process Pursuant to Fed. R. Civ. 4

1.  <u>Service Upon Defendant Carlos as Agent for Defendant Satisfies Rule 4</u>

Pursuant to Rule 4(e), an individual may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e).

In cases where actual notice of suit has been received by defendant, Rule 4 should be liberally construed to effectuate service. *Fox v. California Franchise Tax Bd.*, 443 F. App'x 354, 364 (10th Cir. 2011) (citing *Summers v. McClanahan*, 140 Cal. App. 4th 403, 410, 44 Cal. Rptr. 3d 338, 343–44 (2006)); *see also  Blackhawk Heating & Plumbing Co. v. Turner*, 50 F.R.D. 144, 145 (D. Ariz. 1970) (citing *Nowell v. Nowell*, 384 F.2d 951, 953 (5th Cir. 1967), *cert. denied*, 390 U.S. 956, 88 S.Ct. 1053, 19 L.Ed.2d 1150 (1968); *Rovinski v. Rowe*, 131 F.2d 687, 689 (6th Cir. 1942); *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Hysell v. Murray*, 28 F.R.D. 584, 587 (S.D. Iowa 1961); *Frasca v. Eubank*, 24 F.R.D. 268, 270 (E.D. Pa. 1959); *Blane v. Young*, 10 F.R.D. 109, 110 (N.D. Ohio 1950); *Zuckerman v. McCulley*, 7 F.R.D. 739, 740 (E.D. Mo. 1947), *aff'd*, 78 F. Supp. 380 (E.D. Mo. 1948), aff'd, 170 F.2d 1015 (8th Cir. 1948); *Skidmore v. Green*, 33 F. Supp. 529, 529–30 (S.D.N.Y. 1940)).

Under the provision permitting service upon an agent, an agent's authority to accept service may be implied in fact, implied from the surrounding circumstances, implied from the type of relationship between the defendant and the alleged agent, or by the doctrine of apparent authority. *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 610 (S.D.N.Y. 2012) (quoting *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997). A party cannot fabricate implied authority and must present facts and circumstances showing the proper relationship between the defendant and agent. *Id.* (quoting *Ziegler Bolt & Parts Co.*, 111 F.3d at 881).

Here, Defendant Sharon admits that Defendant Carlos is her husband. The Complaint alleges Defendant Carlos and Defendant Sharon met with Tatiana in New York City and both personally requested Tatiana invest in SNT. Defendant Carlos is obviously aware of the circumstances giving rise to Tatiana's allegations. Defendant Sharon does not allege Defendant Carlos lacked authority to accept service on behalf of Defendant Sharon. Based on the

relationship between Defendant Sharon and Defendant Carlos, a married couple, Defendant Carlos clearly possesses, at a minimum, apparent or implied authority to accept service on behalf of Defendant Sharon.

2. <u>Carlos Amezcua Served in Accordance with California Law</u>

The California Code of Civil Procedure specifies various methods by which service may be made upon defendants who are sued as individuals. *Am. Express Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 389, 131 Cal. Rptr. 3d 99, 102 (2011). "Personal service" means service accomplished "by personal delivery of a copy of the summons and of the complaint to the person to be served. *Id.* (quoting Cal. Civ. Proc. Code § 415.10). An alternative method of service for serving individual defendants is commonly known as "substitute service." *Id.* Substitute service is accomplished by "leaving a copy of the summons and complaint at the person's . . . usual place of business." *Id.* (quoting Cal. Civ. Proc. Code § 415.20(b)).

An individual may be served by substitute service only after a good faith effort at personal service has first been made: the burden is on the plaintiff to show that the summons and complaint "cannot with reasonable diligence be personally delivered" to the individual defendant. *Id.* (citing Cal. Civ. Proc. Code § 415.20(b); *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801, 152 Cal. Rptr. 836, 839 (Ct. App. 1979)). "No single formula nor mode of search can be said to constitute due diligence in every case." *Evartt*, 89 Cal. App. 3d at 801 (quoting *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333, 150 Cal. Rptr. 855, 858 (Ct. App. 1978)).

In *Am. Express Centurion Bank*, the defendant moved to quash service of summons and the complaint on the ground that he was not served. *Am. Express Centurion Bank*, 199 Cal. App. 4th at 386. The trial court denied the motion after reasoning that defendant had actual notice. *Id.* It then granted defendant 10 days leave to file an answer. *Id.* Defendant elected not to answer,

and the trial court entered a default. *Id.* On appeal, the defendant argued the trial court erred in denying his motion to quash. *Id.* The California Appellate Court agreed with defendant, finding the process server did not comply with the rules governing service and provided a proof of service that was untruthful. *Id.* at 390. However, the court went on to analyze whether actual notice to defendant was sufficient because plaintiff substantially complied with the statutory requirements. *Id.*

Assuming substantial compliance can sustain a default judgment over a defendant's objection that service of process did not comply with statutory requirements, "a finding of substantial compliance can only be sustained where (1) the record shows partial or colorable compliance with the requirement on which the objection is predicated; (2) the service relied upon by the plaintiff imparted actual notice to the defendant that the suit was pending and that he was bound to defend; and (3) the manner and objective circumstances of service were such as to make it highly likely that it would impart such notice." *Id.* at 391 (quoting *Carol Gilbert, Inc. v. Haller*, 179 Cal. App. 4th 852, 855, 101 Cal. Rptr. 3d 843, 844 (2009)).

Furthermore, a distinction should be draw between the sufficiency of service to support a default judgment, and the sufficiency of service for other purposes, such as avoiding dismissal. *Id.* (quoting *Carol Gilbert, Inc.*, 179 Cal. App. 4th at 861). The rule of liberal construction of service rules is designated to "uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits." *Id.* (quoting *Carol Gilbert, Inc.*, 179 Cal. App. 4th at 861). When there are service defects asserted in derogation of a default judgment, although both parties are at fault, the plaintiff should bear the burden of the difficulty thus created. *Id.* (quoting *Carol Gilbert, Inc.*, 179 Cal. App. 4th at 865). However, when the defendant comes into court acknowledging that he has been sued, but seeking to dismiss the action on the ground of service, through practically

effective, but technically defective, now it is the defendant who seeks to prevent an adjudication on the merits. *Id.* (quoting *Carol Gilbert, Inc.*, 179 Cal. App. 4th at 865).

Here, Tatiana conducted extensive due diligence to ascertain Defendant Sharon's dwelling or usual place of abode. The only current address for Defendant Sharon discovered by Tatiana was a post office box in Moultrie, Georgia. Furthermore, the most recent physical address associated with Defendant Sharon was sold to a third party in 2016. The only physical address discovered by Tatiana that was most likely to impart actual notice on Defendant Sharon was Defendant Carlos' place of work, located at 4575 Viewridge Ave., San Diego, California 92123. Accordingly, Tatiana commenced with service pursuant to Rule 4(e) and Cal. Civ. Proc. Code § 415.20(b). Clearly, Tatiana completed partial or colorable compliance with the requirement that Defendant Sharon be served in accordance with Rule 4 or the state where service is made. Furthermore, not only did this service impart <u>actual notice</u> to Defendant Sharon of this suit, but the manner and objective of service in these circumstances made it highly likely it would impart such actual notice. Furthermore, as stated in Defendant Sharon's Motion to Dismiss, she was on actual notice by virtue of correspondence between counsel for Tatiana and counsel for Defendant Sharon.

Defendant had actual notice and is attempting to avoid adjudicating the suit on the merits because of the alleged technical defects on the method of service. Guided by the opinion in *Am. Express Centurion Bank*, service was proper here.

3.   <u>Alternatively, if Service Did Not Satisfy Rule 4, Dismissal is Improper</u>

Rule 12(b)(5) motions to dismiss differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court alternative courses of action, quashing the process without dismissing the action, or simply dismissing the complaint when the defendant's defense

or objection is sustained. *Martinez v. CitiMortgage, Inc.*, 347 F. Supp. 3d 677, 686 (D.N.M. 2018) (quoting 5B C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 346 (3d ed. 2004)); *see also Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976) (stating dismissal is not invariably required where service is ineffective: under such circumstances, the court has discretion to either dismiss the action, or quash service but retain the case.)

Generally, when the court finds that service is insufficient but curable, it should quash service and give plaintiff an opportunity to re-serve defendant. *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269–70 (D. Kan. 2008) (citing *Gregory v. U.S./U.S. Bankr. Court for Dist. of Colorado*, 942 F.2d 1498, 1500 (10th Cir. 1991), *cert. denied*, 504 U.S. 941, 112 S.Ct. 2276, 119 L.Ed.2d 202 (1992); *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n. 2 (10th Cir.1983)). Dismissal for failure to comply with Rule 4 is inappropriate unless a party's rights would be seriously prejudiced or no reasonably conceivable means of acquiring jurisdiction over the defendant remains. *Miree v. United States*, 490 F. Supp. 768, 776 (N.D. Ga. 1980) (citing *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959); 2 Moore's Federal Practice P 4.44, at 4-555 (1979)).

Therefore, the proper remedy to afford Defendant Sharon, in the event service upon Defendant Sharon was insufficient, is to quash the service and provide Tatiana an opportunity to re-serve Defendant Sharon.

## III.   CONCLUSION

Plaintiff has attempted in good faith to serve Defendant Sharon in accordance with Rule 4. Defendant Sharon has actual notice of this suit, thus Rule 4 should be liberally construed to effectuate service. If Tatiana has failed to comply with Rule 4, even under a liberal construction, the proper remedy is to quash the service and provide Tatiana an opportunity to re-serve

Defendant Sharon. For the reasons set forth above, we request that the Defendant Sharon's Motion to Dismiss be denied. Respectfully submitted,

ADAMS JONES LAW FIRM, P.A.

By */s/ Michael R. Andrusak*
   Michael R. Andrusak, #25924
   Cody Branham, #27183
   1635 N Waterfront Parkway, Suite 200
   Wichita, KS 67206-6623
   Phone: (316) 265-8591
   Fax: (316) 265-9719
   mandrusak@adamsjones.com
   cbranham@adamsjones.com
   *Attorneys for Plaintiff*

ERON LAW, P.A.

By */s/  David Prelle Eron*
   David P. Eron, #23429
   229 E William, Suite 100
   Wichita, KS 67202
   Phone: (316) 262-5500
   Fax: (316) 262-5559
   david@eronlaw.net
   *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all parties.

By */s/ Michael R. Andrusak*
   Michael R. Andrusak, #25924

8