## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TATIANA HIRSU | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  6:18-cv-1343 |
| | ) | |
| SOCIAL NETWORKING TECHNOLOGY | ) | |
| INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT SHARON AMEZCUA'S REPLY IN FURTHER SUPPORT OF HER MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW Defendant, Sharon Amezcua ("Defendant" or "Amezcua"), by and through her counsel, and for her Reply in Further Support of her Motion to Dismiss, states the following:

### I.     INTRODUCTION

Plaintiff's haphazard attempt at service does not comply with California law and, thus, this Complaint should be dismissed for ineffective service of process.

### II.     LEGAL ARGUMENTS AND AUTHORITIES

#### A.     Plaintiff failed to exercise reasonable diligence in effecting personal service on Defendant.

To determine whether service was proper, courts look to the requirements of Federal Rule of Civil Procedure 4.  Under Rule 4(e), service may be effected pursuant to either federal law or the law of the state where the district court in which the action is filed is located or where service is made.  Fed. Rule Civ. P. 4(e).  Here, Plaintiff argues that service of the Complaint was proper under the applicable state law, i.e. California law, by mailing a copy of the same to her husband's

last known work address. Not only does this attempt at service fail with respect to personal service, it also fails to comply with California's substitute service requirements.

Acknowledging that her method of serving Defendant was improper, Plaintiff attempts to excuse this behavior by insisting that she could not "ascertain Defendant Sharon's dwelling or usual place of abode." Doc. 15 at 6. Instead, Plaintiff served a San Diego TV station—a location where Defendant neither resides nor conducts business. *Id*. This lackluster attempt at service does not satisfy California law. *Compare Joe Hand Promotions, Inc. v. Saddeldin*, 2014 U.S. Dist. LEXIS 64642 at *24-26 (E.D. Cal. 2014) (The court found that "Plaintiff made no attempt to locate a residential address or alternative work address for Plaintiff and instead relied on information contained in a liquor license to effect substitute service …. These facts compel the conclusion that Plaintiff did not make a reasonably diligent effort to personally serve Defendant, resorting instead to substitute service that was not reasonably calculated to give actual notice of the instant lawsuit to Defendant."); *with Cromwell v. Certified Forensic Loan Auditors,* 2019 U.S. Dist. LEXIS 41274 at *12 (N.D. Cal. 2019) ("Plaintiffs properly served Mr. Lehman through substituted service. They made two unsuccessful attempts to personally serve him at the Los Angeles address on his business card. This satisfies the 'reasonable diligence' requirement of Section 415.20(b).").

Furthermore, Plaintiff's attempt to use a discussion between counsel regarding the existence and substance of her filed Complaint as evidence of proper service equally fails. An attorney's knowledge of a Complaint and service of the same are not synonymous. *See Lopes v. Viera*, 2010 U.S. Dist. LEXIS 48798 at *8 (E.D. Cal. 2010).

 Accordingly, Plaintiff's Complaint against Defendant Sharon Amezcua must be dismissed due to insufficient service of process.

III. <u>**CONCLUSION**</u>

WHEREFORE, Defendant Sharon Amezcua respectfully renews her requests that the Court enter an order dismissing her from this action pursuant to Federal Rule of Civil Procedure 12(b)(5) for ineffective process of service, and for such other relief as the Court deems just and equitable.

Respectfully submitted,

JACKSON LEWIS, P.C.

*/s/ James R. Ward*
James R. Ward, KS Bar #15924
Janelle L. Williams, KS Bar #25343
7101 College Boulevard, Suite 1200
Overland Park, Kansas 66210
Telephone: (913) 981-1018
Facsimile:  (913) 981-1019
James.Ward@jacksonlewis.com
Janelle.Williams@jacksonlewis.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2019 a true and accurate copy of the above and foregoing was served electronically via the Court's ECF/CM filing system on the following:

Michael R. Andrusak
Cody Branham
ADAM JONES LAW FIRM, P.A.
1635 N. Waterfront Parkway, Suite 200
Wichita, Kansas 67206-6623
mandrusak@adamjones.com
cbranham@adamjones.com

David P. Eron
ERON LAW, P.A.
229 E. William, Suite 100
Wichita, Kansas 67202
david@eronlaw.com

ATTORNEYS FOR PLAINTIFF


*/s/ James R. Ward*
An Attorney for Defendant

4811-1126-4912, v. 1